IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| REGINALD L. LUNNIE, WILLIAM TAYLOR, BILLY G. JOHNS, and AL HARPER | * * * * * * | |
| Plaintiffs | * * | NO: 4:08CV00215   SWW |
| VS. | * * | |
| DEPARTMENT OF VETERANS AFFAIRS, James B. Peak, Secretary | * * * * * | |
| Defendant | * * | |

## ORDER

On March 19, 2008 Plaintiffs Reginald L. Lunnie, William Taylor, Billy G. Johns, and Al Harper, proceeding *pro se*, filed this employment discrimination action against the Department of Veterans Affairs ("DVA").  The complaint does not include a demand for a jury trial.  On January 12, 2009, the parties filed separate Rule 26(f) conference reports.   The last page of Plaintiffs' report includes the following statement by Plaintiff Johns: "I would like to note that this is what we are asking for along with a trial by jury."  Docket entry #24, at 4.  For the reasons that follow, Johns' demand for a jury trial will be denied.

Rule 38 of the Federal Rules of Civil Procedure preserves litigants' Seventh Amendment or statutory right to a trial by jury, provided that parties file and serve written demand for a jury no later than 10 days after the service of the last pleading directed to the issue for which a jury is

sought.  Rule 38 also provides that failure to serve and file written demand within the required time frame constitutes a waiver of the right to a jury trial.  Waiver under Rule 38 applies when parties fail to make a timely demand for a jury trial even when such failure is "inadvertent, unintended and regardless of the explanation or excuse."  *Scharnhorst v. Independent Sch. Dist. No. 710*, 686 F.2d 637, 641 (8th Cir.1982), *cert. denied*, 462 U.S. 1109 (1983).  Additionally, Rule 38 makes no exceptions for *pro se* litigants.  *King v. Patterson*, 999 F.2d 351, 353 (8th Cir.1993) (denying a *pro se* plaintiff's untimely jury demand); *Scharnhorst*, 686 F.2d at 641 (denying a *pro se*, Title VII plaintiff's untimely jury demand).

  In the present case, the DVA filed an answer to Plaintiffs' complaint on October 20, 2008, constituting the last pleading directed to the issue for which Johns seeks trial by jury.  Accordingly, John's demand for a jury trial filed on January 12, 2009 was out of time.  Because Plaintiffs have waived their right to a jury trial, the case will be set for a bench trial.

  IT IS SO ORDERED THIS 16TH DAY OF JANUARY, 2009.


              <u>/s/Susan Webber Wright</u>
              UNITED STATES DISTRICT JUDGE